In Equity.

FRANK W. NUTTER AND FRANK C. DEERING, Receivers of Saco
. Savings Bank, Petitioners, In re Batchelder & Snyder Company

*vs.*

SACO SAVINGS BANK.

York.     Opinion April 9, 1912.

*Banks and Banking.     Savings Banks.     Claims.     Commissioners.*
*Revised Statutes, chapter 48, sections 44, 45, 47.*

Under Revised Statutes, chapter 48, section 45, which provides that after
decree of sequestration in a proceeding to wind up a savings bank, com-
missioners shall be appointed to receive and pass upon claims, and that
the court may extend the time for hearing claims as justice may require,
the court may reappoint commissioners, and extend the time within which
claims may be presented and determined.

Revised Statutes, chapter 48, section 47, which provides that claims not
presented to the commissioners in a proceeding to wind up a savings bank
within the time fixed by the court shall be forever barred, does not
prevent allowance of a claim presented within an extension of time for
presenting claims.

The report of commissioners to receive claims in a proceeding under Revised
Statutes, chapter 48, section 44 et seq., to wind up a savings bank, like the
report of a master in chancery or a verdict, should not set aside, unless
clearly erroneous.

In equity.     On exceptions by petitioners.     Overruled.

The case is stated in the opinion.     (See *Batchelder & Snyder
Company* v. *Saco Savings Bank,* 108 Maine, 89.)

*Leroy Haley,* for petitioners.

*Clifford E. McGlauflin, Foster & Foster, and Charles G. Briggs,*
for Batchelder & Snyder Co.

SITTING: WHITEHOUSE, C. J., SPEAR, CORNISH, KING, HANSON, JJ.

CORNISH, J.   Upon proper process in equity brought by the Bank Commissioner for the State of Maine, the Saco Savings Bank was duly enjoined from proceeding further with its business, and the petitioners were appointed Receivers to wind up the affairs of the institution by decree of court dated January 3, 1911.   Under the same decree Messrs. John G. Smith and John A. Snow were appointed commissioners to receive and decide upon all claims against said Bank, their report to be made on or before March 7, 1911, which date was extended by order made on March 7, 1911, to March 18, 1911.   On this last named date the commissioners filed their report, which, after due notice was duly allowed and confirmed by decree dated April 1, 1911.

Prior to the decree of sequestration of January 3, 1911, Batchelder & Snyder Co. had brought an action against the Saco Savings Bank in the Supreme Judicial Court for York County upon a claim of $1092.81, and upon a nonsuit being ordered had carried the case to the Law Court on exceptions, where it was pending at the time of sequestration.   On March 8, 1911, a certificate sustaining the exceptions and ordering the case to stand for trial, was received by the clerk of courts for York County.

On May 12, 1911, upon application of the Batchelder & Snyder Co. the sitting Justice entered a decree further extending the time within which the commissioners should file their report to May 26, 1911, which decree on petition of the receivers was vacated and annulled by another decree of the same Justice dated May 23, 1911, and at the same time and by the terms of the last decree, said Smith and Snow were reappointed commissioners to receive and decide upon all claim against the Bank, their report to be made to the court on July 13, 1911, the time for hearing claims to be extended to July 11, 1911.   Two claims were presented to and heard by the Commissioners under this decree of May 23, 1911, one of which was that of Batchelder & Snyder Co. and this claim to the amount of $1092.81 with interest from July 3, 1909, and costs of hearing $52.83 was allowed by the commissioners in their final report dated July 12, 1911.   The receivers thereupon filed exceptions to said report, and the sitting Justice having overruled

their exceptions, the case is before the Law Court on exceptions to this ruling.

Two points are raised by the receivers, one on procedure, the other on the merits.

1. Stated succinctly the receivers claim that the order of May 23rd, 1911, reappointing the commissioners and extending the time within which claims could be filed and final report made, was void, because the court had no power to make it; that the court had the power to make only one appointment and fix one date for report and when that report was made on the date fixed, the commission was functus officio and no extension of time could be granted nor could reappointment be made thereafter.

An examination of the statute under which this proceeding is had, and a consideration of its spirit and purpose, lead to the conclusion that this court is not so hampered and fettered.

It is true, as the counsel for the Receivers contend, that independent of statute, the court in equity would have no power to sequester the funds of a savings bank, and dispose of them as it may judge to be equitable and just among those beneficially interested, *Savings Inst.* v. *Makin,* 23 Maine, 360, but the Legislature as early as 1842 saw fit to clothe the Supreme Judicial Court with full equity powers in taking charge of and winding up the affairs of savings banks upon proper process. The empowering act is now embodied in R. S., Chap. 48, Sec. 44, et seq. The single problem for the court to work out is the preservation of the rights and property of all parties in interest, creditors on the one hand and depositors on the other. By section 45, it is provided that "after a decree of sequestration is passed . . . the court or any justice thereof in vacation shall appoint commissioners, who shall give such notice of the times and places of their sessions as the court or such justice orders; receive and decide upon all claims against the institution and make report to the court, at such time as the court orders, of the claims allowed and disallowed and of the amount due each depositor, which shall be subject to exception and amendment, as reports of masters in chancery. On application of any person interested, the court may extend the time for hearing claims by the commissioners as justice may require." Provision for extension of time of hearing claims is therefore made in express terms and the last clause is significant. "Such extension as justice

may require." The broadest latitude and discretion are thereby expressly conferred upon the court. So long and so many times as justice may require an extension, in order to protect the rights of interested parties, just so long and just so many times it should be granted. To hold that the time once set for a final report of commissioners, cannot be extended after that date has passed or that a new appointment either of the same or other commissioners after that date which is in effect merely an extension of time, cannot be made, would result in a denial of justice, the very result that the statute was intended to avoid.

In the case at bar, the sitting Justice had full power to reappoint the commissioners under the decree of May 23, 1911, and extend the time of hearing and report. Had this not been done the claim of Batchelder & Snyder Co. which had been pending in the Law Court could not have been presented and heard. This was pre-eminently a case where justice required that an extension be granted and an opportunity of hearing be given to a creditor whose non-presentation of its claim to the commissioners at the first hearing was excusable and whose rights would otherwise have been cut off.

In *Bisbee* v. *Mfg. Co.*, 107 Maine, 185, where the defendant corporation was in process of dissolution in equity under R. S., ch. 47, sec. 80 et seq. a similar objection was raised and a similar excuse was offered, the court say:

"Nor does it matter now that these claims were not proved before the receivers within the time limited in the decree of the court. When that time expired, the case of Cobb v. Savings Bank, had not been decided. Their legal rights were then undetermined. If their defense was sustained, they would have no claims to prove. It is clearly within the power of a court in equity, in its discretion, to extend the time for proving claims. It may receive proofs, even after the time fixed for barring claims not proved, so long as the fund remains undisturbed and no new rights have accrued to others."

The defendant calls attention to R. S., ch. 48, sec. 47, which provides that "all claims not presented to the Commissioners within the time fixed by the court . . . are forever barred." This, however, admits of no such narrow construction as would confine it to the time first fixed by the court. It means such time as during the proceedings, the court under the varying conditions may ulti-

mately fix as the final date, within which all claims may be presented, heard and determined.

2. The Receivers attack the finding of the Commissioners allowing the claim of the Batchelder & Snyder Co. upon the law and the evidence. But it is our opinion that their finding should not be disturbed.

The report of the commissioners in this proceeding is like that of a Master in Chancery and a master's report, like the verdict of a jury, is not to be set aside unless clearly wrong. *Paul* v. *Frye,* 80 Maine, 26; *Lynn Shoe Co.* v. *Auburn Lynn Shoe Co.,* 103 Maine, 334.

A review of the evidence simply confirms the opinion of this court previously announced in *Batchelder & Snyder Co.* v. *Saco Savings Bank,* 108 Maine, 89, 79, where the validity of the plaintiff's claim was considered, and the action ordered to stand for trial. The trial has taken place and the claim established.

*Exceptions overruled.*